Roksana D. Moradi-Brovia (Bar No. 266572)
Matthew D. Resnik (Bar No. 182562)
**RHM LAW LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
matt@RHMFirm.com

*Attorneys for Debtor*
Lumiere Estates LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

In re

LUMIERE ESTATES LLC,

Debtor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:25-bk-12402-MB

Chapter 11

**NOTICE OF MOTION AND MOTION BY DEBTOR TO DISMISS CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CLAUDIA VARGAS IN SUPPORT**

Date: April 22, 2026
Time: 1:30 p.m.
Place: Courtroom 303
        21041 Burbank Boulevard.
        Woodland Hills, CA 91367

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; TO THE UNITED STATES TRUSTEE AND HIS COUNSEL OF RECORD; AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that at on April 22, 2026 at 1:30 a.m., in Courtroom 303 of the above-entitled United States Bankruptcy Court located at 21041 Burbank Boulevard, Woodland Hills, CA 91367, Lumiere Estates LLC, the Debtor in the above-captioned Chapter 11 case (the "Debtor"), shall, and does hereby, move the Court, pursuant to 11 U.S.C. §1112, for an order dismissing its Chapter 11 case.

Relief from the automatic stay was granted in favor of secured creditor Pacific

RHM LAW LLP

**1**

Loanworks, Inc., as to the real property located at 1000 North Bundy Drive, Los Angeles, CA 90049 [Docket No. 62], and there is no automatic stay as to the real property located at 1545 Umeo Road, Pacific Palisades, CA 90272 [Docket No. 60]. As such, the Debtor has no ability to propose a Chapter 11 plan of reorganization and therefore seeks to dismiss this bankruptcy case.

PLEASE TAKE FURTHER NOTICE that pursuant to *Local Bankruptcy Rule 9013-1*, any party opposing the relief sought by the Motion must file a written opposition setting forth the facts and law upon which the opposition is based and must appear at the hearing on the Motion.  Any factual allegations set forth in such written response must be supported by competent and admissible evidence.

Any response or opposition to the Motion must be filed with the Court and served on the Debtor's counsel at least 14- days prior to the scheduled hearing date on the Motion (not excluding Saturdays, Sundays or legal holidays).  Such responses, if any, must be served on the Debtor's counsel at the address noted in upper left-hand corner of the first page of this notice.

Pursuant to *Local Bankruptcy Rule 9013-1*, any response not timely filed and served may be deemed by the Court to be consent to the granting of the relief requested by the Motion.

Dated:  March 26, 2026

**RHM LAW LLP**

**By:** /s/ Roksana D. Moradi-Brovia
　　　　**Roksana D. Moradi-Brovia**
　　　　**Matthew D. Resnik**
　　　　*Attorneys for Debtor*
　　　　Lumiere Estates LLC

**RHM LAW LLP**

**2**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   <u>STATEMENT OF FACTS</u>

Lumiere Estates LLC commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C §101 et seq. (the "Bankruptcy Code") on December 23, 2025.

The Debtor was formed in the State of California on December 18, 2025, for the sole purpose of owning and operating real property located at 1000 North Bundy Drive, Los Angeles, CA 90049, 15207 Whitfield Avenue, Pacific Palisades, CA 90272 and 1545 Umeo Road, Pacific Palisades, CA 90272. Claudia J. Vargas Lopez is Debtor's sole and managing member.

This case was filed to stop the imminent foreclosure sales of these properties by secured creditor, Private Money Solutions, LP. The filing arises directly from the devastating Palisades fires of January 2025, which triggered a severe economic crisis, caused widespread devaluation of property values in the affected area, and were further compounded by abusive lending practices associated with hard money construction loans. The situation was further aggravated by insurance carriers' failure to timely honor their coverage obligations following the catastrophe.

Shortly after filing, the Debtor decided that it would be surrendering the Whitfield property to Private Money Solutions, LP.

Secured creditor Pacific Loanworks, Inc. ("PLW") filed its *Motion for Relief from the Automatic Stay Under 11U.S.C. § 362* pertaining to the Bundy property on February 3, 2026 [Docket No. 26]; the motion was granted on March 24, 2026 [Docket No. 62].

PLW filed its *Motion to Confirm that the Automatic Stay Does Not Apply* pertaining to the Umeo property on February 5, 2026 [Docket No. 30]; the motion was granted on March 23, 2026 [Docket No. 60].

///

///

RHM LAW LLP

## II. <u>DISCUSSION</u>

### § 1112. Conversion or dismissal

**(b)(1)** . . . on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

**(2)** The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that--

    **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

    **(B)** the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--

        **(i)** for which there exists a reasonable justification for the act or omission; and

        **(ii)** that will be cured within a reasonable period of time fixed by the court.

In *In re Mazzocone*, 183 B.R. 402, (Bkrtcy.E.D.Pa. 1995), the court said: "When the debtor requests a dismissal of Chapter 11 case, such relief should be granted unless the party opposing the relief establishes that "plain legal prejudice" to creditors would otherwise result." See also, *In re Midland Marina, Inc*., 259 B.R. 683, (8th Cir. BAP (Iowa) 2001).

**RHM LAW LLP**

As set forth above, relief from the automatic stay was granted in favor of PLW as to the Bundy property and there is no automatic stay as to the Umeo property; this secured creditor can proceed with its collection remedies, including foreclosure. Further, shortly after filing, the Debtor decided that it would be surrendering the Whitfield property to secured creditor, Private Money Solutions, LP.

These three properties and the corresponding claims of secured creditors would be the basis of the Debtor's financial reorganization; there is now essentially nothing to reorganize and creditors should be allowed to pursue their state law remedies.  For this reason the Debtor believes that dismissal is in the best interests of creditors and the estate.

### III.    CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion and dismiss its Chapter 11 Bankruptcy case herein, and for such other and further relief as the Court may deem just and proper.

Dated:  March 26, 2026                              **RHM LAW LLP**

By: /s/ RoksanaD. Moradi-Brovia

**Roksana D. Moradi-Brovia**
**Matthew D. Resnik**
*Attorneys for Debtor*
Lumiere Estates LLC

**RHM LAW LLP**

**5**

## DECLARATION OF CLAUDIA VARGAS

I, Claudia Vargas, declare as follows:

1.     I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto.  Where facts are alleged upon information and belief, I believe them to be true.

2.     I am the sole managing member of Lumiere Estates LLC, the "Debtor" and "Debtor-in-Possession" in the above-captioned case. I am authorized to make decisions for the Debtor.

3.     Lumiere Estates LLC commenced this bankruptcy case by filing a voluntary petition under Chapter 11 on December 23, 2025.

4.     The Debtor was formed in the State of California on December 18, 2025, for the sole purpose of owning and operating real property located at 1000 North Bundy Drive, Los Angeles, CA 90049, 15207 Whitfield Avenue, Pacific Palisades, CA 90272 and 1545 Umeo Road, Pacific Palisades, CA 90272.

5.     This case was filed to stop the imminent foreclosure sales of these properties by secured creditor, Private Money Solutions, LP. The filing arises directly from the devastating Palisades fires of January 2025, which triggered a severe economic crisis, caused widespread devaluation of property values in the affected area, and were further compounded by abusive lending practices associated with hard money construction loans. The situation was further aggravated by insurance carriers' failure to timely honor their coverage obligations following the catastrophe.

6.     Shortly after filing, the Debtor decided that it would be surrendering the Whitfield property to Private Money Solutions, LP.

7.     Secured creditor Pacific Loanworks, Inc. ("PLW") filed its *Motion for Relief from the Automatic Stay Under 11U.S.C. § 362* pertaining to the Bundy property on

RHM LAW LLP

**6**

February 3, 2026 [Docket No. 26]; the motion was granted on March 24, 2026 [Docket No. 62].

8.     PLW filed its *Motion to Confirm that the Automatic Stay Does Not Apply* pertaining to the Umeo property on February 5, 2026 [Docket No. 30]; the motion was granted on  March 23, 2026 [Docket No. 60].

9.     As such, PLW can now proceed with its collection remedies, including foreclosure.

10.    These three properties and the corresponding claims of secured creditors would be the basis of the Debtor's financial reorganization; there is now essentially nothing to reorganize and creditors should be allowed to pursue their state law remedies.

11.    For this reason, I believe that dismissal of this case is in the best interests of the Debtor's creditors and the estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March ___, 2026, at _____, California.

**By:**  See next page _____
              **Claudia Lopez**
              *Declarant*

**RHM LAW LLP**

February 3, 2026 [Docket No. 26]; the motion was granted on March 24, 2026 [Docket No. 62].

8.    PLW filed its *Motion to Confirm that the Automatic Stay Does Not Apply* pertaining to the Umeo property on February 5, 2026 [Docket No. 30]; the motion was granted on  March 23, 2026 [Docket No. 60].

9.    As such, PLW can now proceed with its collection remedies, including foreclosure.

10.    These three properties and the corresponding claims of secured creditors would be the basis of the Debtor's financial reorganization; there is now essentially nothing to reorganize and creditors should be allowed to pursue their state law remedies.

11.    For this reason, I believe that dismissal of this case is in the best interests of the Debtor's creditors and the estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 26, 2026, at Los Angeles, California.

By: _____
    **Claudia López**
    *Declarant*

RHM LAW LLP

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF MOTION AND MOTION BY DEBTOR TO DISMISS CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES;  DECLARATION OF CLAUDIA VARGAS IN SUPPORT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/27/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __03/27/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __03/27/2026_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor's principal - not listed for privacy reasons

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/27/2026 | Gabriela Hansen | /s/  Gabriela Hansen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**:

- Counsel for Pacific Loanworks, Inc.: **Heather J Canning**    hcanning@frandzel.com, achase@frandzel.com
- Counsel to UST: **Russell Clementson**    russell.clementson@usdoj.gov
- Counsel for Axos Bank: **Donald H Cram** don.cram@stinson.com, cas@severson.com
- Counsel for Debtor: **Roksana D. Moradi-Brovia** Roksana@rhmfirm.com, matt@rhmfirm.com; russ@rhmfirm.com; sloan@rhmfirm.com; susie@rhmfirm.com; priscilla@rhmfirm.com; rebeca@rhmfirm.com; rosario@rhmfirm.com; gabriela@rhmfirm.com; lesley@rhmfirm.com
- Counsel for Debtor: **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com; russ@rhmfirm.com; sloan@rhmfirm.com; susie@rhmfirm.com; priscilla@rhmfirm.com; rebeca@rhmfirm.com; rosario@rhmfirm.com; gabriela@rhmfirm.com; david@rhmfirm.com
- Counsel for Bundy REO LLC: **Richard J Reynolds**    rreynolds@bwslaw.com, rgonzales@bwslaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- Counsel for Pacific Loanworks, Inc.: **Gerrick Warrington** gwarrington@frandzel.com, achase@frandzel.com, autodocket@frandzel.com

2. **SERVED BY UNITED STATES MAIL:**

ALL SECURED CREDITORS (OTHER THAN THOSE SERVED VIA NEF):

Los Angeles County Tax Collector
PO Box 54110
Los Angeles CA 90054-0110

Private Money Solutions, LP
15030 Ventura Blvd., Suite 500
Sherman Oaks CA 91403-0000


ALL PRIORITY CREDITORS OF THE ESTATE:

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento CA 95812-2952

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346